**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

June 1, 2018

**By ECF**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:  United States v. Thomas Callahan**
      **08 Cr. 349 (JGK)**
      **13 Cr. 980 (WHP)**

Dear Judge Koeltl:

Pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c)(2)(B), I write to request that this Court terminate Mr. Callahan's supervised release.[1]

In a May 31, 2018 phone call with me, Mr. Callahan's Probation Officer, Kelly Devine, expressed her view that, based on his current medical status and his full compliance with his conditions of release, Mr. Callahan is not in need of further supervision. Mr. Callahan, who is 66 years old, resides at Long Beach Assisted Living, an elder-care facility in Long Beach, N.Y. Because of his lack of physical mobility and his lack of transportation, he is not able or required to report to E.D.N.Y. Probation in Central Islip. Instead, he is supervised based on Officer Devine's visits to Long Beach, monthly supervision reports, and phone contact. In addition, Mr. Callahan has been sober for two years. As a result, Officer Devine believes that

---

[1] Mr. Callahan has completed 25 months of the 36-month terms imposed by this Court in 08 Cr. 349, and by Judge Pauley in 13 Cr. 980 (a matter in which this Court has accepted jurisdiction over post-conviction proceedings). See 18 U.S.C. § 3624(e) (providing that terms of supervised release run concurrently).

Hon. John G. Koeltl                                          June 1, 2018
United States District Judge                                       Page 2

**Re:    United States v. Thomas Callahan**
        **08 Cr. 349 (JGK)**
        **13 Cr. 980 (WHP)**

additional supervision is not necessary. The attorney for the government, AUSA Drew Skinner, has no objection to this request.

By way of background, Mr. Callahan was released from BOP custody in April 2016. He acknowledges that, at the outset, his transition to supervision was rocky -- as it is for many prisoners struggling to re-enter society after a term of incarceration. See Kirsten Weir, Life on the Outside, American Psychological Ass'n, Monitor on Psychology (Dec. 2015) (detailing challenges associated with re-entry), available at http://www.apa.org/monitor/2015/12/cover-outside.aspx. Mr. Callahan had an alcohol relapse and spent a short time homeless, a period during which he failed to maintain contact with Probation. But soon after his release, Mr. Callahan fell down the stairs of a Manhattan subway station, fracturing his right kneecap and right foot, and was admitted to New York Hospital. During his lengthy hospitalization, Mr. Callahan resumed contact with Probation, stopped drinking, and began his recovery. Mr. Callahan was discharged to the Citadel Rehabilitation and Nursing Center at Kingsbridge in the Bronx, where he underwent months of therapy. Since February 2017, Mr. Callahan has resided at Long Beach Assisted Living.

During his term of supervision, Mr. Callahan has made remarkable progress. Most significant, he has now been sober for two years. Excluding time he has spent in prison, this is the longest such stretch of his life. It is impossible to understate the significance of this accomplishment. As this Court will recall from his sentencing, Mr. Callahan has battled alcoholism and substance abuse since he was a teenager. He has made many unsuccessful attempts at quitting and participated in numerous treatment programs. See, e.g., Sent'g Letter Exh. B, at 4, 13 Cr. 980 (psychiatric evaluation, noting "long history ... of alcohol dependence"), Dkt. No. 13. But after his last release from custody, Mr. Callahan determined to quit for good. As he has told me many times, Mr. Callahan knows that if he relapses again, it will kill him.

Mr. Callahan's performance on supervision bears out his commitment to abstinence. In July 2017, at the direction of the Probation Department, he completed a substance abuse assessment at the Long Beach Reach chemical dependency treatment program, which recommended no further treatment. On his own, Mr. Callahan attends regular AA meetings, where he is an active

Hon. John G. Koeltl                                          June 1, 2018
United States District Judge                                      Page 3

**Re:  United States v. Thomas Callahan**
      **08 Cr. 349 (JGK)**
      **13 Cr. 980 (WHP)**

participant.  All of the Breathalyzer tests administered by Probation have been negative.  Mr. Callahan is in constant communication with me and the Federal Defenders social work staff, and we support him in his recovery, but truth be told, credit for this achievement belongs to him.

In other respects, Mr. Callahan's performance on supervision has been successful.  He has obeyed the law and his Probation Officer's instructions, and has paid the $100 special assessments in both 08 Cr. 349 and 13 Cr. 980.  No other financial penalties were imposed.  Although his poor physical condition and limited mobility prevent him from working, Mr. Callahan is an avid reader and chess player and has forged friendships with other residents at Long Beach Assisted Living.

Section 3583(e)(1) provides that this Court, after considering the § 3553(a) factors, may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "[E]xceptionally good behavior by the defendant" may "render a previously imposed term ... of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).  In such cases, the court may invoke ... [§ 3583(e)(1)], which 'works to the advantage of the defendant,' ... to discharge the defendant from supervised release."  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

Here, termination 11 months earlier than scheduled is appropriate.  Since his recovery, Mr. Callahan's conduct has been exemplary.  He has stopped drinking, participated in treatment, conformed his conduct to the law, satisfied his financial obligations, and followed his Probation Officer's instructions.  After a lifetime of homelessness, he has also found stable housing.  The 36-month terms of supervision imposed in 08 Cr. 349 and 13 Cr. 980 (the statutory maximum in both cases, see 18 U.S.C. §§ 3583(b)(2)) proceeded from the premise that Mr. Callahan's long history of alcohol dependence and substance abuse put him at a heightened risk of recidivism.  But that circumstance has changed. Mr. Callahan's demonstrated ability, over an extended period of time, to abstain from alcohol, adhere to a treatment regimen, and follow the law -- in combination with his advanced age, 66 -- have greatly reduced

Hon. John G. Koeltl                                         June 1, 2018
United States District Judge                                      Page 4

**Re:   United States v. Thomas Callahan**
       **08 Cr. 349 (JGK)**
       **13 Cr. 980 (WHP)**

that risk, as reflected by the Probation Department's belief that additional supervision is unwarranted.  See §§ 3553(a)(1), 3553(a)(2)(B)-(C).  Nor is continued supervision needed to ensure Mr. Callahan's access to housing or treatment.  He is able to reside at Long Beach Assisted Living by virtue of his Social Security and SSI benefits, and he is free to continue attending AA meetings as long as he lives, and will do so should this Court terminate his supervision.  See § 3553(a)(2)(D). Finally, early termination would promote "the interest of justice," § 3583(e)(1), by permitting Probation to focus its limited resources on releasees who will most benefit from supervision.

   In short, Officer Devine has determined that supervision has fulfilled its objective of reintegrating Mr. Callahan into the community and addressing his alcohol dependence, the root cause of his criminal history.  That determination merits this Court's deference.  Accordingly, this Court should terminate Mr. Callahan's supervised release.

                                        Sincerely,

                                        /s/ Daniel Habib
                                        Asst. Federal Defender
                                        Tel.: (212) 417-8769

CC:   AUSA Drew Skinner (by ECF and Email)
      USPO Kelly Devine (by Email)